Blair & Blair, Portsmouth, for plaintiff in error.

James S. Thomas, Portsmouth, for defendant in error.

## WHEELING STEEL CORPORATION v TAYLOR

Ohio Appeals, 4th Dist, Scioto Co

Decided May 9, 1932

MAUCK, PJ.

At the beginning of the trial in the Common Pleas the defendant objected to the receiving of any evidence and moved to dismiss the appeal for the reason that the Court of Common Pleas had no jurisdiction to hear and determine the case. This motion was overruled and the exception taken raises the principal question presented for determination in this court. This attack upon the appeal rests upon the contention of the defendant to the effect that appeals in such cases are authorized by §1465-90 GC and are not allowed in any case in which the Industrial Commission finds that it has jurisdiction of the claim, and that as the Industrial Commission in the case at bar on February 14, 1930, found

"That claimant was not disabled in excess of seven days, as the result of injury sustained October the 5th, 1928,"

it affirmatively found that it had jurisdiction and hence that no appeal could be taken from that finding. Whether, if this were the only finding made by the Industrial Commission, an appeal would lie we are not required to determine. This, however, is not the case.

Sec 1465-90 GC provides as a condition precedent to an appeal that a rejected applicant shall file application for a rehearing of his claim. The filing of this application automatically vacates the former adjudication. The language of the statute is that the claimant shall

"file an application with the Commission for a rehearing of his claim, whereupon the former action of the Commission thereon shall be vacated and the Commission shall fix a date for rehearing of such claim."

When Taylor filed his application the adjudication of February 14, 1930, lost all of its vitality and the application to proceed to a rehearing was unaffected by that en-

try. On the rehearing on March 16, 1931, the commission found as follows:

"That proof on file does not show that claimant's alleged disability was the result of an injury received in the course of and arising out of his employment. The claim is therefore disallowed. It has no jurisdiction of the claim and no authority thereby to inquire into the extent of disability or amount of compensation claimed. It is therefore ordered that the claim be disallowed."

Manifestly this final and only subsisting order in the case was to the effect that the commission had no jurisdiction.

The motion to dismiss the appeal was consequently properly overruled.

It is further argued in the brief of plaintiff in error that the petition in this case was demurrable in that it did not recite that the claim had been denied by the Industrial Commission on jurisdictional grounds. This criticism is well taken. **Russito v Otis Steel Company, 12 Oh Ap 189.** Clearly, if a demurrer had been interposed to the petition, the demurrer would have been sustained. In such case, of course, leave would have been given the plaintiff to have inserted the few words necessary to have perfected his petition. The defendant, having failed to challenge the petition in this technical respect, ought not now be granted a reversal on that account and to have a retrial upon the same record with the same testimony if such a course can be avoided. If necessary to avoid such a course we would now permit an amendment to be made at bar so that the petition would charge, as all the record proves, that the commission rejected the application of the plaintiff on jurisdictional grounds. While the petition in error herein challenges the jurisdiction of the Court of Common Pleas it does not in terms complain of the insufficiency of the petition. Bates Pleading, 4 Ed., page 2455, points out that the petition on an appeal should contain an averment that the Industrial Commission had found that it had no jurisdiction, but it points out that an unchallenged petition omitting this averment has been deemed sufficient to sustain a recovery, citing **Industrial Commission v Tripsansky, 119 Oh St 594.**

Some question is made that there is a fatal departure between the allegations of the petition and the original application filed with the Industrial Commission. It is true that there is some evidence between the two. In the original application the claimant described the nature of his injury

as "excessive swelling of the ankle due to injury to the ligaments and cartilage tissues," and claimed to have suffered a total disability resulting from the injury which he charged to be a "total permanent injury to right foot." In his petition, as we have pointed out, he describes his injuries as "contusions of both knees and left elbow and injury to the tarsal bones of the right foot." We do not consider the variances consequential in view of the liberal character of the proceedings before the Industrial Commission.

Upon the weight of the evidence we have only to observe that we find nothing in the record that would justify us in disturbing the finding on that ground.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.