**B F GOODRICH CO v KAVULLA**

Ohio Appeals, 9th Dist, Summit Co

No 2701. Decided June 9, 1936

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

The only question which it is necessary to refer to in this workmen's compensation case is the question as to whether the order made by the Industrial Commission was such as to give to the claimant the right to appeal to the Common Pleas Court.

The record discloses that an application for compensation was filed on July 1, 1932, and that on November 9, 1933, the matter came on to be heard before the commission "upon an application for rehearing in accordance with the provisions of §1465-90 GC" and that such rehearing was granted and that a referee was appointed to take testimony.

The record further discloses that on January 22, 1934, the matter came on to be heard "on the transcript of testimony and evidence on rehearing and report of the referee" and that upon consideration thereof the commission found that "it had no jurisdiction of the claim and no authority, thereby, to inquire into the extent of disability or the amount of compensation claimed. It is, therefore, ordered that the claim be disallowed."

The record further discloses that the petition on appeal was filed in the Common Pleas Court on February 1, 1934.

It therefore appears on the face of the record that the application of the claimant was denied because the commission had no jurisdiction of the claim and no authority to inquire into the extent or amount of compensation, and that the claimant

had a right to appeal to the Common Pleas Court under §1465-90, GC.

The claim made is that this conclusion is not warranted because the commission originally denied the claim because it found that, while the complainant received an injury in the course of his employment, "he was not disabled in excess of seven days as a result of said injury," and that such finding was not a denial of the claim on jurisdictional grounds and that this court should consider such original disposition of the claim as being the real ground upon which the claim was disallowed.

Assuming, without deciding, that such original finding does not constitute a denial of the claim on a jurisdictional ground, we are of the opinion that such original finding is of no consequence whatever in determining the question as to whether the claimant had a right to appeal to the Common Pleas Court.

Said §1465-90, GC, provides that when an application for a rehearing is filed, as was done in this case, "the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim," and that "if the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court."

It is thus apparent that the statute makes the complainant's right to appeal to the Common Pleas Court depend upon the finding made by the commission in its disposition made upon the rehearing. In this case such final and only subsisting order was that the commission had no jurisdiction, and we are clearly of the opinion that the claimant had a right to appeal from such finding.

**Wheeling Steel Corp. v Taylor, 12 Abs 657.**

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.